UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL SHERMAN,

               Plaintiff,

      v.

THE UNITED STATES DEPARTMENT OF THE TREASURY and JANET L. YELLEN, *in her official capacity as Secretary of the United States Department of the Treasury*,

               Defendants.

**ORDER**
23-CV-04567 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Michael Sherman, appearing *pro se*, filed this action pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. *See* ECF No. 1. Plaintiff also applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. For the reasons set forth below, the Court denies Plaintiff's application to proceed IFP, and directs Plaintiff to pay the District's filing fee on or before July 14, 2023.

    The current total fee to file a civil case in this Court is $402. *See* 28 U.S.C. §§ 1914(a), (b). A litigant may request to waive the filing fee by filing an IFP application. A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to provide indigent persons with equal access to the judicial system. The statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A Court may dismiss a case that has been filed IFP if the Court determines that the plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The Court has

discretion to determine whether a plaintiff qualifies for IFP status. *See, e.g.*, *Chowdhury v. Sadovnik*, No. 17-cv-2613, 2017 WL 4083157, at *2 (E.D.N.Y. Sept. 14, 2017).

The Court is not persuaded by Plaintiff's IFP application that he is unable to pay the Court's filing fee. Although Plaintiff says that he currently has no income, he indicates that he has $48,000 in cash or in a savings or checking account. ECF No. 2 at 1–2. The Court recognizes that Plaintiff has approximately $2,800 in monthly expenses, but the Court finds that, relative to Plaintiff's savings, these expenses do not prevent Plaintiff from being able to pay the $402 filing fee. *Id.* at 2.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's IFP application. ECF No. 2. In order to proceed with this action, Plaintiff must pay the $402 filing fee to the Clerk of Court on or before July 14, 2023. Upon payment of the filing fee, the Clerk of Court shall issue a summons, and Plaintiff must have the summons and complaint served on the Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. **If Plaintiff fails to comply with this order within the time allowed, and without showing good cause for an extension of time, the Court will dismiss the case without prejudice.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to send a copy of this order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

                                                                  */s/ Hector Gonzalez*
                                                                  HECTOR GONZALEZ
                                                                  United States District Judge

Dated: Brooklyn, New York
         June 29, 2023